UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTINA AVAKOVA,<br><br>                  Plaintiff,<br><br>    v.<br><br>THE TJX COMPANIES, INC., et al.,<br><br>                  Defendant. | CASE NO. 2:25-cv-00590-BAT<br><br>**ORDER NOTIFYING PLAINTIFF OF LITIGATION RESPONSIBILITIES** |

On March 3, 2025, Plaintiff (by counsel) filed a complaint against Defendants in the King County Superior Court. Dkt. 1. On April 2, 2025, Defendants removed the action to this Court. *Id.* On May 28, 2025, the parties filed a joint status report indicating they consent to a United States Magistrate Judge, Dkt. 15, and the matter was assigned to the undersigned United States Magistrate Judge on May 30, 2025. Dkt. 17. Based upon the parties' joint status report, this Court issued an order setting a trial date of March 29, 2026 and a pretrial schedule. Dkt. 19.

On July 20, 2025, Plaintiff's counsel filed a motion to withdraw. Dkt. 20. This Court granted Plaintiff's counsel's motion to withdraw on August 11, 2025, and advised Plaintiff to arrange for new counsel to appear as soon as possible. Dkt. 20. New counsel has not appeared, so Plaintiff is proceeding *pro se* as of now.

Defendants Homegoods LLC and TJX Companies Inc. have now filed a Motion for

Summary Judgment, Dkt. 24, as well as a Motion for Extension of Discovery Related Deadlines and Trial Date, Dkt. 26. Defendants state that they have received no response to their April 22, 2025 discovery requests, served on Plaintiff's former counsel. Dkt. 24 at 2. They also state that they reached out to Plaintiff three times in late August and September to ask about discovery and to confer on their motion, but received no response from her or from any counsel representing her. *Id.*; Dkt. 25 at 1–2. They seek to extend pretrial and trial deadlines by about six months. Dkt. 26 at 2–3.

Because no counsel has appeared to represent Plaintiff and she proceeds *pro se*, the Court issues the following notice:

1. Plaintiff is reminded that she has an obligation to prosecute her case and to comply with the Federal Rules of Civil Procedure and the orders of the Court. A failure to do so exposes Plaintiff to sanctions or even dismissal of the case. *See* Fed. R. Civ. P. 41(b), 16(f), 37(b)(2)(c). In their Motion for Summary Judgment, Defendants contend Plaintiff has not responded to any attempts to communicate or to discovery requests. The Court's Local Civil Rules directs all counsel to cooperate with each other to facilitate the exchange of discoverable information and reduce to costs of discovery. *See* LCR 26(f).

2. Defendants' Motion for Summary Judgment requests the Court dismiss Plaintiff's case with prejudice. Plaintiff is advised that she has a right to oppose Defendants' Motion by filing counter-affidavits or other admissible evidentiary matter. If Plaintiff fails to controvert Defendants' evidence, Defendants' evidence might be taken as true. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). As Plaintiff is proceeding *pro se*, she is also advised that Local Civil Rule 7(d)(4) requires her to file a response to Defendants' Motion for Summary Judgment with this Court within 21 days after the filing

date of the motion, by **October 21, 2025.**

      3.     If Plaintiff wishes to respond to Defendants' Motion for Extension of Discovery Related Deadlines and Trial Date, Local Civil Rule 7(d)(2) requires her to respond within 9 days after the filing date of the motion, by **October 10, 2025.**

      DATED this 1st day of October, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER NOTIFYING PLAINTIFF OF
LITIGATION RESPONSIBILITIES - 3