1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTINA AVAKOVA,

                              Plaintiff,

        v.

THE TJX COMPANIES, INC.,
HOMEGOODS, LLC, JOHN DOES 1-10,
ABC CORPORATIONS 1-10,

                              Defendants.

CASE NO. 2:25-cv-00590-BAT

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DKT. 24**

        This matter is before the Court on Defendants' The TJX Companies Inc. and HomeGoods LLC's Motion for Summary Judgment, Dkt. 24. Plaintiff filed no response; Defendants filed a reply supporting their motion at Dkt. 29. Because Defendants have not met the initial burden to establish no genuine issue of material fact, the Court **DENIES** the motion without prejudice.

## BACKGROUND

        Plaintiff alleges she was injured on March 4, 2022 while shopping at a HomeGoods store in Bellevue, Washington. Dkt. 1-3 at ¶ 5.1. As she reached for an item above shoulder level, a metal toilet paper holder fell off of a top shelf and struck her in the forehead. *Id.* at ¶ 5.2. She claims HomeGoods and its owner TJX are liable for the negligent placement of the toilet paper holder on the shelf and negligent hiring of the HomeGoods store manager. *Id.* at ¶¶ 5.3–5.4. She

1  prays for economic and non-economic damages for physical injury, pain and suffering, and

2  medical treatment, among other things. Dkt. 1-3 at ¶¶ 7.1–7.3.

3          Defendants removed this case from King County Superior Court to the federal district

4  court based on diversity jurisdiction. Dkt. 1. In June 2025, the Court denied Plaintiff's motion to

5  remand to state court and issued a trial and pretrial schedule, including a deadline for discovery

6  to be completed by late November. Dkts. 18, 19. Plaintiff's counsel then filed a motion to

7  withdraw, which the Court granted on August 11, 2025. Dkt. 23. Plaintiff proceeds *pro se* and

8  has filed nothing in this action since then.

9          Defendants now move for summary judgment, before the discovery completion deadline

10  and without supporting evidence, on the ground that Plaintiff has failed to respond to

11  communications or discovery requests from counsel and has therefore failed to produce any

12  evidence in support of her claim. Dkt. 24. Defendants state they first served discovery requests

13  on Plaintiff on April 22, 2025, and attempted to contact Plaintiff on three occasions in August

14  and September 2025 regarding discovery deficiencies, with no response. Dkt. 25 at ¶¶ 2–6.

15  Defendants have been "unable to get any response from pro se Plaintiff and no attorney has

16  reached out indicating they will or are considering taking on the matter." Dkt. 24 at 2. Plaintiff

17  did not file a response to the motion for summary judgment.

## LEGAL STANDARD

19          The Court shall grant summary judgment if there is no genuine issue of material fact and

20  the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is

21  material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty

22  Lobby, Inc.*, 477 U.S. 242, 248 (1986).

23          The moving party bears the initial burden of demonstrating the absence of a genuine issue

ORDER DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, DKT. 24 - 2

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To carry its initial burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim, or show that the nonmoving party lacks enough evidence to carry its burden at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105 (9th Cir. 2000). A summary judgment motion may not be used as a substitute for discovery; it is not enough simply to state that the nonmoving party cannot meet its burden at trial. *Id.* Rather, the moving party must point to materials on file which demonstrate that the nonmoving party will be unable to meet its burden. *Id.*

If the moving party meets the initial burden, the nonmoving party must go beyond the pleadings and identify facts showing a genuine issue for trial. *Id.* at 324. In evaluating a summary judgment motion, (1) all reasonable doubts as to the existence of a material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec. Servs. v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir. 1987).

## DISCUSSION

As this is a diversity jurisdiction case, the Court applies federal procedural law and state substantive law. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). To prove negligence in Washington, a plaintiff must show (1) that the defendant owes a duty of care, (2) breach of that duty, (3) resulting injury, and (4) that the breach was the proximate cause of the injury. *Cameron v. Murray*, 214 P.3d 150, 154 (Wash. Ct. App. 2009). A landowner owes a duty of care to its business invitees to keep the premises in reasonably safe condition. *Coleman v. Ernst Home Ctr., Inc.*, 853 P.2d 473, 478 (Wash. Ct. App. 1993). For injuries caused by a transitory unsafe condition on the property, there is a breach of the duty of care if the owner or

1    an employee (1) caused the unsafe condition or (2) knew or should have known about it. *Wiltse*

2    *v. Albertson's Inc.*, 805 P.2d 793, 797 (Wash. 1991).

3         Defendants argue that they are entitled to summary judgment because Plaintiff has failed

4    to respond to discovery requests and has therefore failed to produce evidence or expert testimony

5    to support any of the elements of her claim. Defendants, however, misapprehend the legal

6    standard. While Plaintiff bears the overall burden of persuasion at trial, Defendants bear the

7    initial burden of showing the absence of a genuine issue of material fact when they move for

8    summary judgment. Defendants have offered no evidence as to whether Plaintiff was a customer,

9    whether an unsafe condition existed on the premises, or whether they knew of it or not.

10        Defendants offer no evidence in support of their motion at all. The motion does not even

11    assert directly that any of Plaintiff's allegations are false; it merely argues that Plaintiff has not

12    proven them. That is insufficient to meet the initial burden on a motion for summary judgment.

13    As the Ninth Circuit made clear in *Nissan*, 210 F.3d 1099 at 1102–03, Defendants cannot carry

14    their initial burden simply by stating that Plaintiff lacks evidence to support her claim. Rather,

15    they must first make "reasonable efforts, using the normal tools of discovery," to find out

16    whether Plaintiff has enough evidence, and then "point to materials on file" demonstrating that

17    she cannot meet her burden. *Id.* at 1105–06. Summary judgment and dismissal with prejudice are

18    inappropriate where the moving party has provided the Court with no information about the

19    event that resulted in the lawsuit.

20        Defendants have therefore failed to meet their initial burden. "If a moving party fails to

21    carry its initial burden of production, the nonmoving party has no obligation to produce anything,

22    even if the nonmoving party would have the ultimate burden of persuasion at trial. . . . In such a

23    case, the nonmoving party may defeat the motion for summary judgment without producing

ORDER DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, DKT. 24 - 4

1    anything." *Id.* at 1102–03.

2        Defendants argue in their reply that Plaintiff's failure to respond to the motion amounts to

3    an admission that the motion has merit under Local Civil Rule 7(b)(2). But failure to respond to a

4    summary judgment motion does not warrant granting summary judgment by default,

5    notwithstanding LCR 7(b)(2). *Baldwin v. Costco Wholesale Corp.*, No. CV-23-02327-PHX-JAT,

6    2025 WL 1248941 (D. Ariz. Apr. 30, 2025); *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th

7    Cir. 2013) (finding that Western District of Washington LCR 7(b)(2) "cannot provide a valid

8    basis for granting a motion for summary judgment").

9        The reply also inserts a new basis for dismissal: Defendants ask the Court to dismiss the

10   action as a sanction under Fed. R. Civ. P. 37 because Plaintiff failed to obey discovery

11   obligations. A Rule 37 violation is not a basis to grant summary judgment. Moreover, dismissal

12   with prejudice under Rule 37(b) is the most severe possible sanction, and is appropriate only "[i]f

13   a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). At

14   this point, Defendants have not moved the Court to compel discovery under Rule 37(a), the

15   Court has not issued an order compelling discovery, and Plaintiff has not willfully violated any

16   such order. Dismissal as a sanction under such circumstances would be premature.

17       Defendants' Motion for Summary Judgment, Dkt. 24, is **DENIED** without prejudice.

18       DATED this 10th day of December, 2025.

19

20                                          _____
                                            BRIAN A. TSUCHIDA
21                                          United States Magistrate Judge

22

23

ORDER DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, DKT. 24 - 5